

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2007

# Delponte v. Coral World VI Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3996

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Delponte v. Coral World VI Inc" (2007). *2007 Decisions.* Paper 1098.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1098

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 06-3996

————

JOSEPH DELPONTE,
               Appellant

v.

CORAL WORLD VIRGIN ISLANDS, INC.

————

On Appeal from the District Court of the Virgin Islands
(D.C. No. 02-cv-00216)
District Judge: Hon. Curtis V. Gomez

————

Argued May 7, 2007

Before: SLOVITER, STAPLETON, and VAN ANTWERPEN, Circuit Judges

(Filed: May 16, 2007)

————

Andrew C. Simpson, Esq.   (Argued)
Andrew C. Simpson Law Offices
U.S.V.I.   00820

        Attorney for Appellant

Gary A. Bryant, Esq.   (Argued)
Patrick D. Blake, Esq.
Kevin L. Keller, Esq.
Willcox & Savage
Norfolk, VA   23510

        Attorneys for Appellee

SLOVITER, Circuit Judge.

Joseph DelPonte, plaintiff in the District Court, appeals from the District Court's order granting summary judgment in favor of defendant Coral World Virgin Islands, Inc. (hereinafter "Coral World"). Coral World argued that DelPonte waived all claims he had against Coral World by signing a waiver. The District Court agreed with Coral World and dismissed DelPonte's action. Our review of the District Court's grant of summary judgment is plenary. Kornegay v. Cottingham, 120 F.3d 392, 395 (3d Cir. 1997). We will affirm.[1]

**I.**

While vacationing on a cruise ship in the Virgin Islands, DelPonte purchased a ticket to take part in Coral World's Sea Trek experience. Sea Trek participants wear a helmet with an attached breathing tube, descend a ladder to the ocean floor, and walk underwater to examine the sea habitat. Upon arriving at the location of the activity, DelPonte attended a training and instructional session and was given a "Liability Release and Express Assumption of Risk" (hereinafter "waiver") form to sign. App. at 25. DelPonte completed the waiver, which stated that he would be bound to the terms of the

---

[1] The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. This Court has jurisdiction under 28 U.S.C. § 1291 to review all final decisions of the District Court.

form.

While descending the ladder, DelPonte slipped and broke his femur. He filed suit against Coral World, alleging negligent control, maintenance, and inspection of the ladder as well as a failure to warn of a known danger. The District Court granted summary judgment on the basis of the waiver signed by DelPonte.

The District Court first considered the intent of the parties, applying this court's "plain meaning rule," "which assumes that the intent of the parties to an instrument is 'embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement.'" Sunshine Shopping Ctr. v. Kmart Corp., 85 F.Supp. 2d 537, 540 (D.V.I. 2000) (quoting Hullett v. Towers, Perrin, Forster & Crosby, Inc., 38 F.3d 107, 111 (3d Cir. 1994)). The Court examined the language of the waiver to determine whether Coral World had insulated itself from a negligence suit. In concluding that it had, the Court pointed to (1) paragraph eight (releasing Coral World for claims for "personal injury . . . due to negligence"); (2) paragraph two (participant accepts "the full responsibility for any and all such damage, injury or death which may result); and (3) paragraph five (participant "assumes all risks . . . for any harm, injury or damage that may befall [participant]"). The Court rejected DelPonte's contention that the waiver was ambiguous because it contained both a release from breach of warranty or contract claims and a release from negligence. The Court also held that DelPonte assumed all risks inherent in the activity, not merely those listed (air

3

embolism, drowning, etc.) because paragraph eight released Coral World for all personal injury claims due to negligence.

## II.

On appeal, DelPonte argues that (1) the Plain Language Act applies to the waiver and that Coral World violated the Act; (2) Coral World invalidly attempted to release itself from liability, in violation of public policy; (3) the waiver was ambiguous and, therefore, unenforceable; and (4) Coral World failed to prove that DelPonte assumed the risk involved which led to his injury. We consider each argument in turn.

**A.** The Plain Language Act, codified at V.I. Code Ann. tit. 12A, § 251 *et seq.*, requires that consumer contracts, including writings required to complete a consumer transaction, "shall be written in clear, simple, understandable and easily readable language." Id. § 252. The Act provides that "[a] creditor, seller, insurer or lessor who fails to comply with this chapter shall be liable to a consumer who is a party to the consumer contract for actual damages sustained plus punitive damages up to $1,000." Id. § 253.

We have found no case law interpreting the Act, nor have the parties cited any. Section 251a(a)(6) of the Act defines "consumer contract" to include "contracts for services, including professional services, for cash, or on credit; and the credit, money, property or services are obtained for personal, family or household purposes." The type of service provided by Coral World, entertainment, is not a "personal" service

4

contemplated by the Act. Moreover, the Act contains its own cause of action, permitting consumers who are harmed by a non-complying consumer contract to sue for damages. That is not the basis for DelPonte's suit, however. The Act goes on to expressly provide that a violation of its provisions "shall not render any consumer contract void or voidable . . . unless enforcement of the contract . . . would be unconscionable." Id. at § 260. Given the absence of any basis for finding unconscionability, DelPonte's release and assumption of the risk contract would thus be enforceable even if it did violate the Act.

**B.** Under the applicable Virgin Islands law, generally a party may exempt itself from liability for its own negligence. Restatement (Second) of Contracts § 195. However, the Restatement provides that "a term exempting a party from tort liability for harm caused negligently is unenforceable on grounds of public policy if . . . the other party is similarly a member of a class protected against the class to which the first party belongs." Id. at § 195(2)(c).

As Coral World notes, no court has ruled that an invitee of a commercial establishment in the Virgin Islands is a member of a protected class. We see no reason to hold that Coral World is prohibited from relieving itself from liability for its own negligence by a fully applicable waiver.

**C.** DelPonte argues that the waiver was ambiguous and, therefore, unenforceable. DelPonte points to several instances that he argues support his contention that the waiver is ambiguous. He argues, inter alia, that the placement of the negligence waiver provision

in paragraph eight makes the waiver ambiguous.  Coral World replies that DelPonte did read the waiver contained in paragraph eight.  Whether he read it or not, it was certainly provided for him to read.  Other paragraphs of the waiver, albeit not containing the word "negligence," unambiguously release Coral World from liability.  For example, the waiver clearly states the following: (1) paragraph two, "I . . . release . . . Coral World . . . from any and all liability for . . . injury . . . to me . . . resulting from the . . . use of this equipment and for any claim based upon breach of warranty, contract, *or other legal theory* accepting myself the full responsibility for any and all such . . . injury . . . which may result" (emphasis added); (2) the waiver continuously states that the participant assumes the risk, as well as holds harmless Coral World, for personal injury and injury; and (3) paragraph eight states that the participant has read the waiver and agrees to give up his or her right to collect monetary damages from Coral World for personal injuries due to negligence.  App. at 25.

**D.**  Finally, DelPonte argues that Coral World has failed to establish that he assumed the risk of his injury.  Assumption of risk is an affirmative defense, so that Coral World would ordinarily have the burden of establishing the absence of a genuine issue of material fact on that issue concerning its proof.

That was not necessary in this case, as the language of the waiver in this respect is clear.  It states that "I personally assume all risks in connection with this experience, for any harm, injury or damage that may befall me while I am a participant in this Sea Trek

activity, including all risks connected therewith, whether foreseen or unforeseen.  I understand that the Sea Trek activity will take place in an environment of unpredictability for which it is impossible to predict conditions that may affect the safe operations of the equipment, and I freely assume those risks."  App. at 25.

## III.

Based on the foregoing, we conclude that the District Court did not err in granting summary judgment in favor of Coral World.